## SUTLIFF v. CLUNIE.

### No. 15,346; June 26, 1894.

37 Pac. 224.

**Assignment for Creditors.**—Where an Attorney, Employed by an Assignee to settle claims with the creditors, compromises the claims, giving his own notes in settlement at the rate of fifty cents on the dollar, with the understanding that the estate is to pay them when due, he cannot, on failure of the estate to do so, and after seeing that the estate is in fact solvent, have the claims assigned to a third person, who advanced to him the money to pay the notes, and collect the full amount of the claims for the benefit of such third person.

**Assignment for Creditors**—Where, in Such Case, the Attorney is the law partner of the assignee, the latter will be chargeable with constructive notice of all the facts in the transaction coming to the knowledge of the former, so as to render him liable for payments in excess of what the attorney paid for the claims.

**Assignment for Creditors.**—Where an Assignee Employs Counsel to uphold the validity of an unjust claim against the estate, which he paid, he cannot, in case of defeat, charge the estate with the counsel fees.

APPEAL from Superior Court, City and County of San Francisco; C. W. Slack, Judge.

Action by Henry Sutliff against Andrew J. Clunie to compel an accounting by defendant as assignee. From a judgment denying defendant credits for certain items, he appeals. Affirmed.

James G. Maguire and Robt. Y. Hayne for appellant; Ben Morgan for respondent.

PER CURIAM.—In this case defendant appeals from the final judgment, and from an order denying a motion for a new trial. Plaintiff also appeals from the final judgment. The two appeals are presented upon a single record, consisting of the judgment-roll and a bill of exceptions prepared and filed by defendant in support of his motion for a new trial.

Henry Sutliff, the plaintiff herein, was a retail tobacconist in the city and county of San Francisco. On the first day

of July, 1887, supposing himself to be insolvent, and unable to pay his debts, plaintiff consulted the law firm of Clunie, Young & Clunie, of which the defendant, A. J. Clunie, was a member, and on the advice of Thomas J. Clunie, who was also a member of said law firm, and a brother of the defendant herein, he made and executed to the defendant an assignment of all his property, real and personal, for the benefit of his creditors, which assignment defendant accepted, filed a bond for the faithful performance of his duties as such assignee, upon which bond Thomas J. Clunie was a surety, and thereupon entered upon a discharge of his duties as such assignee. On the twentieth day of July, 1887, plaintiff filed his inventory and schedule of his creditors, etc., as required by section 3461 of the Civil Code, in the office of the county recorder. This action was brought to compel an accounting by the defendant of his transactions as assignee, etc. An account was rendered by the defendant, and the main controversy on this appeal relates to the action of the court below in disallowing portions of two items in the account with which defendant had credited himself. Soon after the assignment, the plaintiff and Thomas J. Clunie, his attorney and friend, conceived the idea of settling with the creditors of plaintiff at fifty cents on the dollar, and with that object in view arranged with Rosenbaum Bros., who held a claim for $5,558.80, and Joseph Brandenstein, who had a claim for $9,156.27, to accept fifty cents on the dollar for their claims, to be paid by said Clunie, and the further sum of ten cents on the dollar to be secured by plaintiff's notes, payable when the whole estate was settled. Clunie gave his note to Rosenbaum Bros. for fifty per cent of their claim. Brandenstein was satisfied with the verbal promise of said Thomas J. Clunie. These agreements, the court finds, were made for the benefit of plaintiff, and, as is apparent, with the expectation that he would raise the funds to pay the demands. Defendant professed to have found a man who would advance sufficient funds to pay off all demands due from plaintiff if the latter would pay a bonus therefor of $2,500. Plaintiff revolted at this, but offered to pay $2,000, which was rejected. About this time plaintiff discovered that upon a settlement of his estate he would be able to pay all his creditors in full, and so represented to Rosenbaum Bros. and Brandenstein, and requested them to cancel the note and prom-

ise of Thomas J. Clunie, and assured them he would pay them dollar for dollar. They declined to do so. Clunie had taken assignments of these claims against plaintiff to his friends. Before Thomas J. Clunie paid either of the claims, it was arranged between plaintiff, defendant, and Thomas J. Clunie that defendant should deposit with Thomas J. Clunie all the moneys of the estate as realized by defendant, which was done from that time forward. Thomas J. Clunie paid his fifty per cent obligation to Rosenbaum Bros. about July 30, 1887, and the like obligation to Brandenstein on or about August 26, 1887. Up to the date of payment to Brandenstein, Thomas J. Clunie had received and had in his hands funds of the estate, say $6,000. Subsequently, and by January, 1888, there had come into the hands of said Thomas J. Clunie funds of said estate more than sufficient to pay both of said claims at their face value, viz., $14,715, and thereupon the defendant authorized him to pay himself from said funds the whole face value of said two claims, which was done, and the amount thereof charged by defendant in his account against the estate of plaintiff. There are some other points bearing upon the case, but it is not deemed necessary to set them out here.

The court below decided the case· upon the theory that Thomas J. Clunie was the agent of the defendant in the transaction of the business, and that, as defendant could not, in his fiduciary capacity, make a profit inuring to himself out of the administration of the trust estate, so he could not, by the appointment of an agent, accomplish a result which, as a principal, he was precluded from attaining. Appellant's counsel concede, in effect, that the settlement of the claims below their par value was at the date thereof in the interest of and for the benefit of the plaintiff. Their contention, however, is that plaintiff having failed to raise the money to meet the obligations which Thomas J. Clunie had incurred on his behalf, the latter was at liberty to borrow the money of Turtin to meet his obligations, take an assignment of the claims to Turtin, or for his benefit, and to collect from the assignee the full face value thereof; and hence that the defendant was authorized to make such payment, and to charge plaintiff with the amount thereof. Thomas J. Clunie was a member of the law firm of Clunie, Young & Clunie, and was attorney for plaintiff. He knew, before he took an assignment

in favor of Turtin, that the estate of plaintiff was solvent, and able to pay in full all it owed. Under such circumstances he had no equitable right to purchase demands against his client at a reduced rate, and then charge the latter, or, what is the same thing, his estate, with the par value of the claims. When, under such circumstances, an attorney purchases a claim against his client at less than its face value, he cannot be permitted to make a profit thereby against the principal whose agent he is, and more especially where, as in this case, he has in his custody funds in which the client has a beneficial interest to an amount nearly equal to the amount paid out, with an almost certain prospect of receiving the balance in a short time. Thomas J. Clunie was, it is true, the agent of the assignee, A. J. Clunie, who is defendant here. As such agent he received all the moneys of the estate, and paid its debts so far as they were paid. It is also true that this action is against A. J. Clunie, the assignee. But he was the law partner of Thomas J. Clunie, and as such is chargeable with constructive notice of all facts in relation to the transaction coming to the knowledge of his copartner. It is also quite apparent that he had actual notice of most of the facts, and, whether we treat him simply as a principal authorizing his agent, Thomas J. Clunie, to pay himself in full from the funds of the estate, or as the copartner of Thomas J. Clunie, and hence as the attorney of the plaintiff, seems to make little difference. In either situation he had no right, as against plaintiff, to pay or authorize the payment to Thomas J. Clunie of a greater sum on account of the claims than the amount advanced by the latter on account thereof.

The claim of a counsel fee by defendant was properly denied. The main use which defendant appears to have had for counsel in the proceeding was to contest the two items in question, and, as the decision is against him, he is not entitled to counsel fees for setting up an unjust claim in his own behalf and against the estate.

The appeal by the plaintiff is, so far as appears from the record, without merit. The judgment appealed from by the plaintiff and the defendant and the order appealed from by the defendant are affirmed.